IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MALIK NASIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 24-24-CFC |
| | ) |
| BAYHEALTH, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Malik Nasir, Dover, Delaware – *Pro Se* Plaintiff

January 28, 2025
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

## I. INTRODUCTION

On January 10, 2024, Plaintiff Malik Nasir, a resident of Delaware, filed this civil action against Defendant Bayhealth.[1] (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## II. BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

Lorraine Nasir passed away on December 30, 2020. (D.I. 2 at 1.) She had experienced pains in her chest in January or February of that year, and she went to one of Defendant Bayhealth's medical centers on February 4, 2020. (*Id.* at 2.) At the medical center, it was noted that Lorraine Nasir had a history of breast cancer, but she was not given a mammogram or CT scan, and she was diagnosed with a cough and inspiratory pain. (*Id.*) Lorraine Nasir returned to the medical center on March 19, 2020, and on that date, it was determined that she had a lung mass, but

---

[1] The Court takes judicial notice of the fact that Defendant is a regional healthcare system in central and southern Delaware. *See Bayhealth: About Us*, https://www.bayhealth.org/about-us (last visited January 23, 2025).

she did not receive a diagnosis of metastatic breast cancer until a subsequent visit on April 13, 2020. (*Id.*) Once diagnosed, Lorraine Nasir received treatment, but she passed away eight months after the diagnosis. (*Id.* at 3.)

Based on the foregoing, Plaintiff seeks $1 million from Defendant for medical negligence, arising from Lorraine Nassir's initial misdiagnosis, her delayed diagnosis and treatment, and her wrongful death. (*See id.* at 1, 5.) Plaintiff asks for the statute of limitations to be waived for two reasons. First, Plaintiff was incarcerated when Lorraine Nassir passed way, and he was not released until January 27, 2023, at which time he filed a civil action alleging the above claims with the Superior Court of the State of Delaware, which was subsequently dismissed for untimeliness and lack of expert affidavit. (*Id.* at 1.) Second, under a novel theory of continuing treatment, if not for Defendant's medical negligence, Lorraine Nassir would still be alive today, rendering Plaintiff's claims timely. (*Id.* at 5.)

### III. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma*

2

*pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

3

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV.   DISCUSSION

This case presents a personal injury medical malpractice claim, arising from Delaware state law. *See* Del. Code 18 § 6802 ("The Superior Court of the State shall have exclusive jurisdiction of civil actions alleging health care medical negligence."). Generally, diversity jurisdiction is required for this Court to hear a state law claim. *See* 28 U.S.C. § 1332(a)(1). Diversity jurisdiction exists when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the suit is between citizens of different states. *See id.* In this case, Plaintiff does not allege diversity jurisdiction, and the allegations in the Complaint do not

establish diversity jurisdiction, as Plaintiff and Defendant are both citizens of Delaware. (*See* D.I. 2; D.I. 2-1.) Employing the less stringent standard afforded to *pro se* litigants, *see Erickson*, 551 U.S. at 94, the Court cannot discern from the allegations in the Complaint any basis for a viable federal claim, *see* 28 U.S.C. § 1331. Plaintiff's state law medical negligence claim appears to be deficiently pled, and this Court lacks subject matter jurisdiction to hear it. *See* 28 U.S.C. § 1332(a)(1). Accordingly, dismissal of the Complaint is appropriate.

## V.   CONCLUSION

For the above reasons, the Court will dismiss the Complaint without prejudice, and an appropriate Order will be entered.